IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DINESH RANJAN, *an individual*,

                      Plaintiff,

      v.

DIRECTOR CARLTON M. HADDEN,
*Office of Federal Operations*,

                      Defendant.

_____

Case No. 6:22-cv-00631-MC

OPINION AND ORDER

MCSHANE, J.:

Plaintiff Dinesh Ranjan brings this Title VII case against Defendant Carlton M. Hadden, Director of the Office of Federal Operations, an appellate division of the Equal Employment Opportunity Commission ("EEOC"). Defendant moves to dismiss this case for failure to state a claim and lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and (6). Def.'s Mot. 3, ECF No. 16. Because lawsuits against the EEOC are generally barred by sovereign immunity, and Plaintiff has failed to name the proper defendant under Title VII, Defendant's Motion is GRANTED.

## BACKGROUND

1 – OPINION AND ORDER

Plaintiff previously worked for the Department of Veterans Affairs ("VA") as the former Chief of Surgery at the Roseburg VA Medical Center in Roseburg, Oregon. Pl.'s Compl. Ex. 4, at 1, ECF No. 1. On April 26, 2018, Plaintiff filed a complaint with the EEOC, alleging "discrimination and a hostile work environment based on race, national origin, religion, disability, age, and in [retaliation] for prior EEO activity[.]" Pl.'s Compl. Ex. 6, at 1. On July 23, 2019, the VA issued a final Agency decision ("FAD-1") finding evidence of unlawful retaliation, but no other evidence of discrimination. Pl.'s Compl. Ex. 4, at 2. Plaintiff was notified that he had 30 days to appeal the Agency decision, however, he did not appeal. *Id.* In a series of subsequent Agency decisions, the VA awarded Plaintiff attorney fees and related costs (FAD-2) as well as $10,000 in compensatory damages (FAD-3). *Id.* at 2–4.

On December 19, 2020, Plaintiff filed consolidated appeals of FAD-1, FAD-2, and FAD-3, and on July 22, 2021, the Commission found that Plaintiff's appeal of FAD-1 was untimely. Pl.'s Compl. 5; Ex. 6, at 2. On July 30, 2021, Plaintiff timely filed a Request for Reconsideration, and on January 24, 2022, the Commission, after reviewing the entire record, denied the request. *Id.*; Ex. 5, at 1. On April 28, 2022, Plaintiff filed this civil action against Defendant, requesting that this Court (1) reverse the Commission's decision that Plaintiff's FAD-1 appeal was untimely and (2) order the Commission to remand Plaintiff's appeal back to the VA for reconsideration. Pl.'s Compl. 5. Defendant moves to dismiss.

**STANDARDS**

I. **Fed. R. Civ. P. 12(b)(1)**

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It is presumed that a district court lacks jurisdiction, "and

the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The court will grant a defendant's 12(b)(1) motion if the complaint fails to allege fact sufficient to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999).

## II.    Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*; *Twombly*, 550 U.S. at 555. Once the complaint is stripped of conclusory statements, the judge then applies "judicial experience and common sense" and considers "obvious alternative explanations" to determine if the complaint states a plausible cause of action. *Iqbal*, 556 U.S. at 679, 682 (quoting *Twombly*, 550 U.S. at 567) (internal quotation marks omitted). If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant argues that this lawsuit against the EEOC is barred by Title VII exclusivity and that Plaintiff has named the wrong defendant. Def.'s Mot. 3. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). If Congress does not "expressly waiv[e] sovereign immunity in a federal statute, a court does not have subject matter jurisdiction over suits brought against . . . a federal agency[,]" such as the EEOC. *James v. U.S. EEOC*, No. 3:18-CV-01414-AC, 2019 WL 2453782, at *2 (D. Or. Apr. 30, 2019), *report and recommendation adopted*, No. 3:18-CV-01414-AC, 2019 WL 2453652 (D. Or. June 12, 2019). Courts have repeatedly held that Congress neither expressly nor impliedly intended for Title VII to "create a cause of action against the EEOC by employees of third parties." *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983); *James*, 2019 WL 2453782, at *2 ("Title VII is not a statute that constitutes a waiver of sovereign immunity."). "Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC." *Ward,* 719 F.2d at 313.

Here, Plaintiff is not a present or former employee of the EEOC, or its appellate branch, the OFO. Therefore, Plaintiff's claim against Director Hadden is barred by sovereign immunity and this Court does not have subject matter jurisdiction. The Court must dismiss on this ground alone.

Moreover, under Title VII, if an aggrieved employee wishes to challenge a final decision by the EEOC, they must file a lawsuit in the district court "within 90 days"[1] of the date of the

---

[1] Or within 180 days from the filing of the initial charge with the agency. 42 U.S.C. § 2000e-16(c).

4 – OPINION AND ORDER

final action[2] and the "head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). The proper defendant in this case is Denis Richard McDonough, Secretary of the Department of Veterans Affairs. Def.'s Mot. 7.

However, even if this Court gave Plaintiff leave to amend his Complaint to name the proper defendant, this suit is now barred by Title VII's statute of limitations. 42 U.S.C. § 2000e-16(c). The EEOC made its final Decision on Request for Reconsideration on January 24, 2022. Pl.'s Compl. Ex. 6. Although Plaintiff had 90 days to challenge the final agency action, he did not file this lawsuit until April 28, 2022. Pl.'s Compl. 5. Alternatively, Plaintiff had 180 calendar days from the date he filed his "complaint with the Agency, or filed [his] appeal with the Commission, to commence this civil action. 42 U.S.C. § 2000e-16(c); Pl.'s Compl. Ex. 6, at 4. Plaintiff filed this civil case well over 180 days from the dates he filed his original complaint and his appeal[3] of the final Agency decisions.

In sum, when Plaintiff filed this action, it was already untimely; therefore, any amendment now would be futile. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

## CONCLUSION

---

[2] Contrary to Plaintiff's arguments, a final action includes the Commission's decision regarding the timeliness of Plaintiff's appeal (at issue here), not just a decision regarding the merits of Plaintiff's underlying claims. *See* Pl.'s Resp. 2–3.

[3] Plaintiff was instructed by the Commission "that a request for reconsideration is not a second appeal to the Commission." Pl.'s Compl. Ex. 6, at 2 (citing 29 C.F.R. Part 1614). The Court construes Plaintiff's "appeal" date as December 19, 2020, the date he collectively appealed the final Agency decisions, not July 30, 2021, the date he filed his Request for Reconsideration. In any event, Plaintiff filed this action well over 180 days after both of these dates.

Plaintiff's claim must be dismissed for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6). Defendant's Motion to Dismiss (ECF No. 16) is GRANTED. Because amendment would be futile, Plaintiff's claim is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 28th day of July, 2023.

                                            _____/s/ Michael McShane_____
                                                    Michael McShane
                                              United States District Judge